# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

Kipp A. Scott,

    Plaintiff,

    v.

State of Indiana, a/k/a
Tippecanoe County
Government[1],

    Defendant.

Case No. 4:14-CV-15-JVB-CAN

## OPINION AND ORDER

Plaintiff Kipp Scott originally filed this case against Defendant Tippecanoe County Government, alleging that his discharge as Chief Probation Officer in Tippecanoe County was retaliation for his taking leave under the Family and Medical Leave Act ("FMLA") and further violated the Americans with Disabilities Act ("ADA"). (Compl. 1–6, ECF No. 2.) Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint, contending it failed to state an actionable claim. (Mot. to Dismiss 2, ECF No. 10.) For the following reasons, the Court GRANTS Defendant's Motion to Dismiss the Amended Complaint.

Since 1989, Plaintiff has worked for the Tippecanoe County Government. (Am. Compl. 2, ECF No. 6.) In April 2013, Plaintiff's health began to deteriorate; thus, on May 20, 2013, he sought medical leave under the FMLA. (Am. Compl. 2.) On July 29, 2013, Plaintiff met with two supervising judges and a human resources representative who, according to the Amended Complaint, offered him the option of resigning or otherwise being terminated. (Am. Compl. 3.)

---

[1] Although Plaintiff chose an awkward caption for his amended coplaint, the parties agree that the actual defendant in this case is Tippecanoe County Government.

According to Plaintiff, the only explanation he received was that it was a "unanimous decision by the judges." (Am. Compl. 3.) Later that same day, Plaintiff was terminated "for cause." (Am. Compl. 3.)

When addressing a motion to dismiss, a court must assume that all facts as set forth in the complaint are true and must view the allegations in the light most favorable to Plaintiff. *Singer v. Pierce & Assocs., P.C.*, 383 F.3d 596, 597 (7th Cir. 2004). Granting a motion to dismiss for failure to state a claim is suitable when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). A party's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 520–21 (7th Cir. 2001).

Plaintiff brought his ADA and FMLA claims against the "State of Indiana a/k/a Tippecanoe County" after he was allegedly "discriminated against and terminated on the basis of a serious medical condition." (Am. Compl. 3.) Defendant (Tippecanoe County Government) filed a Motion to Dismiss Plaintiff's Amended Complaint contending that Plaintiff filed the action against the wrong party because Plaintiff was not a county employee but was rather employed by the state. (Mot. to Dismiss 2.) In determining whether Plaintiff was a state or county employee, the federal court is guided by state law. *McMillian v. Monroe County*, 520 U.S. 781, 786 (1997). Under Indiana law, "[p]robation is an arm of the court, it like the court itself is a state entity." *J.A.W. v. State*, 650 N.E.2d 1142, 1150 (Ind. Ct. App. 1995); *see* Ind. Code § 11-13-1-1(c) ("Probation officers shall serve at the pleasure of the appointing court and are directly responsible to and subject to the orders of that court."). Notably, Plaintiff also

concedes in his Response and Sur-Response to Defendant's Motion to Dismiss that the proper Defendant is the State of Indiana, not Tippecanoe County. (Resp. to Def.'s Mot. to Dismiss 1, ECF No. 12; Sur-Resp. to Def.'s Mot. to Dismiss 1, ECF No. 16).

Thus, the Court finds that Plaintiff is unable to prove any set of facts entitling him to relief against Defendant Tippecanoe County Government. Accordingly, the Court GRANTS its Motion to Dismiss the Amended Complaint (ECF No. 10).[2]

SO ORDERED on May 7, 2014.

 S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff asks that the case be remanded to State court so that he may name the proper defendant, the State of Indiana. In the alternative, he asks that the case be dismissed without prejudice. These requests, however, are futile. A remand would make sense only if the Court had no jurisdiction over this case, yet that is not the basis for Plaintiff's request. Moreover, given that Tippecanoe County is an incorrect party for his grievance, a dismissal without prejudice would achieve nothing as he may not refile his case against Tippecanoe County.